**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CHARLES BANKS and
DIANA BANKS**

     **Plaintiffs,**

v.                Case No.: 3:06cv178/MCR

**R. DAVID PAULISON, as acting Director of
the Federal Emergency Management Agency**[1]
**and
FIDELITY NATIONAL PROPERTY AND CASUALTY
INSURANCE COMPANY, a corporation,**

     **Defendants.**
_____/

**O R D E R**

   In this action Charles Banks and Diana Banks ("plaintiffs") sue R. David Paulison, director of the Federal Emergency Management Agency ("FEMA"), and Fidelity National Property and Casualty Insurance Company ("Fidelity") (together, "defendants").  Invoking the court's jurisdiction pursuant to 28 U.S.C. § 1331 and citing the National Flood Insurance Act ("NFIA"), 42 U.S.C. 4001, et seq., plaintiffs allege that defendants breached

---

[1] Pursuant to 5 U.S.C.§ 301 et seq., all functions, personnel, and liabilities of the Federal Emergency Management Agency have been transferred to the Secretary of the Department of Homeland Security. Accordingly, the proper party defendant to this action in which the FEMA director is named is Secretary Michael Chertoff rather than R. David Paulison. No substitution of defendants under Rule 25(c) or 25(d)(1) has been or shall be made.  Nevertheless, for the sake of simplicity and to maintain consistency with the complaint as well as the pending motion, in the instant order the court refers to defendant Paulison either as "the federal defendant" or as FEMA.

their flood insurance contract[2] by failing to pay the full amount due under the policy for losses plaintiffs suffered as a result of Hurricane Ivan in September 2004. Presently before the court is the federal defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12 (b)(6) (doc. 13), to which plaintiffs have responded (doc. 14). As explained below, insofar as the federal defendant seeks dismissal of the complaint as to him on the ground that subject matter jurisdiction is absent, the motion is granted.

**Background**

Plaintiffs filed their complaint on April 25, 2006. They allege that, under the terms of the flood insurance policy issued to them by Fidelity on July 24, 2004 (doc. 1; see policy attached to complaint), FEMA agreed to pay for the direct physical loss to their insured property at 101 Ariola Drive, Pensacola Beach, Pensacola, caused by or from a "flood," as defined in the policy. On or about September 16, 2004, plaintiffs suffered a direct physical loss to their insured dwelling and personal property as a result of flooding caused by Hurricane Ivan. They also incurred expenses for storage and debris removal related to the storm. Plaintiffs timely filed a claim with respect to their losses, which Fidelity adjusted. According to plaintiffs, their claims were paid but these payments were less than the policy limits and did not fully compensate them for their covered losses. Asserting that defendants have therefore breached their contract of insurance, plaintiffs seek as relief the balance of the flood insurance policy limits and all other amounts payable under the policy, including attorney's fees and costs to bring this action.

On July 7, 2006, the federal defendant – through Michael Chertoff, Secretary of the Department of Homeland Security – filed the instant motion to dismiss. (Doc. 13). Defendant first argues that FEMA should be dismissed from this action because Congress has not waived sovereign immunity to allow this lawsuit against it. Additionally, FEMA argues that plaintiffs failed to state a claim against it because there is no privity of contract between plaintiffs and itself. In response, plaintiffs state that they named FEMA as a defendant pursuant to 42 U.S.C. § 4072 and 44 C.F.R. § 66.22(a) and because, pursuant to 44 C.F.R. § 62.23(d) and (i)(6), FEMA "is the party who is responsible for the ultimate payment, from federal funds, of all claims . . . " in this action. (Doc. 14 at 1-2). Plaintiffs

---

[2] Standard Flood Insurance Policy No. 09 7700165824 01.

Case No. 3:06cv178/MCR

stipulate, however, that they purchased the policy at issue from Fidelity, that Fidelity adjusted their insurance claims, that Fidelity allowed in part and disallowed in part their insurance claims under the policy, and that their instant action against FEMA is based "solely on the fact that FEMA administers the [National Flood Insurance program]." Further, plaintiffs concede that if the court finds that suit against FEMA is allowed only as to claims which were directly presented to and denied by it, "then the Federal Defendant's Motion to Dismiss is due to be granted." (Id. at 3).

**Legal Standard**

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." University of South Alabama v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)); Fed.R.Civ.P. 12(h)(3) (stating that whenever it appears that the court lacks jurisdiction of subject matter it must dismiss the action).

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs dismissal for lack of subject matter jurisdiction. Facial attacks on subject matter jurisdiction require that a court, taking the allegations in the complaint as true, examine the pleadings and determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).[3] The party invoking subject matter jurisdiction has the burden of establishing that jurisdiction. See Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). Indeed, the court should presume a lack of subject matter jurisdiction until the party invoking it proves otherwise. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).

---

[3] Conversely, factual attacks on subject matter jurisdiction made pursuant to Rule 12(b)(1) challenge the existence of subject matter jurisdiction in fact, regardless of the pleadings. Lawrence, 919 F.2d at 1528-29. Thus when considering a factual attack, the court may consider those matters that go beyond the pleadings, such as affidavits and testimony. Id.

In this case, the federal defendant has supplied the affidavit of FEMA senior claims examiner Timothy Johnson in support of its motion. (Doc. 13-2). Because the court has concluded that subject matter jurisdiction as to the claim against FEMA may be determined by reference to the pleadings alone, however, it has not considered the affidavit.

Case No. 3:06cv178/MCR

**Discussion**

The National Flood Insurance Act of 1968, 42 U.S.C. § 4001, et seq., established the National Flood Insurance Program ("NFIP").  FEMA, which is charged with administering the NFIP, by regulation has promulgated the Standard Flood Insurance Policy ("SFIP") and provided for marketing and claims adjustment by private insurers operating as "Write-Your-Own" ("WYO") companies. 44 C.F.R. § 62.23. The WYO companies issue SFIPs in their own names as insurer, and they arrange for the adjustment, settlement, payment and defense of all claims arising from the policies, with the federal government acting as the guarantor and reinsurer. See  § 61.13(f); § 62.23(d); see also Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998).  The companies assume responsibility for administration of the SFIPs written under their names but they are not the general agents of FEMA.  Indeed, § 62.23(g) specifically provides:

> a WYO Company shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insureds under any flood insurance policies issued pursuant to arrangements entered into with the Administrator, such that the Federal Government is not a proper party Defendant in any lawsuit arising out of such policies.

44 C.F.R. § 62.23(g).

Absent waiver, the doctrine of sovereign immunity shields the federal government and its agencies from suit. See Loeffler v. Frank, 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988); Federal Housing Administration v. Burr, 309 U.S. 242, 244, 60 S.Ct. 488, 84 L.Ed. 724 (1940).  Sovereign immunity is jurisdictional in nature.  In fact, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); see also United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (stating that "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

The NFIA's waiver of sovereign immunity in part provides:

> [U]pon the disallowance by the Director [of FEMA] of any . . . claim, or upon the refusal of the claimant to accept the amount allowed upon any . . . claim, the claimant . . . may institute an action against the Director on such claim ... and original exclusive jurisdiction is hereby conferred upon ... [the district

court] to hear such action without regard to the amount in controversy.

42 U.S.C. § 4072.

In the case at bar, plaintiffs' complaint as against FEMA is due to be dismissed for lack of jurisdiction pursuant to the doctrine of sovereign immunity. The NFIA's waiver of sovereign immunity is limited. See <u>State Bank of Coloma v. National Flood Insurance Program</u>, 851 F.2d 817 (6th Cir. 1988) (indicating that the NFIA's waiver of sovereign immunity is to be construed narrowly). It represents consent to only those actions which stem from FEMA's direct denial of an application, not actions in which a private corporation independent of FEMA denies a claim. Here, plaintiffs allege that Fidelity is a private insurance company participating in FEMA's WYO program. They also allege that they notified Fidelity of their loss and that Fidelity, or a party acting on Fidelity's behalf, adjusted their claims. There is no allegation in the complaint that FEMA took part in evaluating or denying plaintiffs' claims. Instead, it is clear from the complaint that Fidelity, not FEMA, issued, administered, and adjusted plaintiffs' claims.[4] Accordingly, the court concludes that plaintiffs have not, and cannot, plead that jurisdiction exists in this case by alleging the federal defendant's waiver of sovereign immunity. The court therefore does not have jurisdiction to hear this matter as against the federal defendant.

**Conclusion**

For the reasons stated, the court holds that it lacks subject matter jurisdiction with respect to plaintiffs' claim against the federal defendant and therefore grants the pending motion to dismiss on that ground. Consequently, the court need not reach the defendant's second argument based on the failure to state a claim upon which relief can be granted.

It is therefore ORDERED:

1. The motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by Michael Chertoff, Secretary of the Department of Homeland Security, for R. David Paulison, Director of the Federal Emergency Management Agency, is GRANTED.

---

[4] Moreover, in its role as a WYO company Fidelity acted merely as the federal government's fiscal agent. As set forth in § 62.23(g), the federal government simply is not a proper defendant in this lawsuit arising out of plaintiffs' flood insurance policy.

2.     As to defendant R. David Paulison, Director of the Federal Emergency Management Agency, plaintiffs Charles Banks' and Diana Banks' complaint is DISMISSED, with prejudice.

3.     The clerk shall enter judgment accordingly in favor of defendant R. David Paulison, Director of the Federal Emergency Management Agency.

DONE and ORDERED this 20th day of September, 2006.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**